# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TEODORO MERAZ,
ANDREW R. OBLAK,
ANA HURTADO,
ANTONIO CRUZ,
JOSE MERAZ,
PEDRO ROMO,
FIDEL MORENO and
RICHARD WELSH,

    Defendants.

Case No. 06-Cr-335

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE LYNN ADELMAN REGARDING DEFENDANT FIDEL MORENO

### NATURE OF CASE

On December 14, 2006, a federal grand jury sitting in this district returned a three-count indictment against defendants Teodoro Meraz, Andrew R. Oblak, Ana Hurtado, Antonio Cruz, Jose Meraz, Pedro Romo, Alejandro Romo, a/k/a "El Caballo," Fidel Moreno and Richard Welsh. The defendants are all charged in Count One with conspiracy to distribute five kilograms or more of a mixture containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, § 841(b)(1)(A)(ii) and 18 U.S.C. § 2. Three of the defendants are named in the substance drug counts charged in Counts Two and Three. The indictment also contains a forfeiture provision.

Defendant Fidel Moreno appeared before United States Magistrate Judge Aaron E. Goodstein for arraignment on December 15, 2006, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, he has filed a motion to suppress statements. (Docket #83). This motion will be addressed herein.

## MOTION TO SUPPRESS STATEMENT

On May 23, 2007, the court conducted an evidentiary hearing on defendant Moreno's motion to suppress his statement. At the hearing, Special Agent Johnny Santiago of the Wisconsin Department of Justice, Division of Criminal Investigation (DCI), testified on behalf of the government. Defendant Moreno testified on his own behalf. Based on the evidence presented at the hearing, the court makes the following findings of fact.

## Findings of Fact

On December 1, 2006, the defendant was in custody in the office of the Wisconsin Department of Justice in Milwaukee, Wisconsin. At that time DCI Special Agent Thomas Gorecki was involved in an ongoing narcotics investigation and wanted to interview the defendant. DCI Special Agent Johnny Santiago was called in to advise the defendant of his constitutional rights in Spanish. Special Agent Santiago is fluent in Spanish.

Special Agent Santiago, who was unarmed and dressed in street clothes, entered the interview room which was located in an office area containing desks, computers and copiers. The defendant and Special Agent Gorecki, who was in plain clothes and unarmed, and the defendant were in the room. The defendant was not in handcuffs at the time.

According to Special Agent Santiago, he identified himself to the defendant and advised him as to the reason he had been taken into custody. Special Agent Santiago testified that he

- 2 -

Case 2:06-cr-00335-LA   Filed 06/06/07   Page 2 of 9   Document 91

advised the defendants of his constitutional rights in Spanish. He testified that after he stated each right, he stopped, asked the defendant if he understood that right and waited for the defendant to respond verbally as to whether or not he understood the right. The defendant indicated that he understood each right. Special Agent Santiago testified that the defendant did not ask to have an attorney present or indicate that he did not want to be interviewed. He also stated that the defendant made no requests of him and did not ask for any clarifications. The defendant answered the questions appropriately and was calm, cooperative and quiet.

Special Agent Santiago made no promises to the defendant or threatened him in any way. Special Agent Santiago also testified that the defendant answered questions in English which were posed in English by Special Agent Gorecki.

According to Special Agent Santiago, Special Gorecki took notes of the defendant's statements during the interview, but no written interview statement was made. Therefore, the defendant was not provided an opportunity to sign any written statement.

Special Agent Santiago had never spoken to the defendant before the interview or listened in on any recorded telephone conversations. He was not aware of any prior law enforcement contact with the defendant. The interview was not videotaped. Special Agent Santiago acknowledged that the agents could have taped the interview.

The defendant testified that he was born in Mexico and moved to Bakersfield, California with his family when he was about age nine or ten. He attended school in Bakersfield for two to three years. The classes were taught in English, but there was a translator available. He also attended school in Milwaukee for one year and, according to the defendant, the classes were taught in Spanish. He has had no other schooling.

- 3 -

The defendant had no police contact before December 1, 2006. He was not aware before December 1, 2006, of his rights to remain silent and not to speak to law enforcement officers without a lawyer present. He also testified that he did not know that he was entitled to have an attorney appointed to represent him and that the attorney could be present at any interview.

According to the defendant, Special Agent Santiago came to the interview room, stood in the doorway and spoke to Special Agent Gorecki in English. Agent Santiago then left. The defendant testified that he did not understand anything that Special Agent Santiago said to Special Agent Gorecki.

The defendant testified that Special Agent Santiago never advised him of his rights in either English or Spanish. He said that no one advised him of his constitutional rights. He denied speaking with Special Agent Santiago in Spanish and also said that Special Agent Santiago was not present when Special Agent Gorecki asked him questions. According to the defendant, only Special Agent Gorecki spoke to him on December 1, 2006.

The defendant testified that he told Special Agent Gorecki that he had used the alias, Daniel Martinez, as his name for work and that he was in the country illegally for nine years. He also told him that he has a Cadillac and a Ford Explorer and worked at Mid City Foundry until he was laid off. The defendant provided this information to Special Agent Gorecki when he was interviewed.

## Analysis

In moving to suppress his statements, the defendant asserts that his waiver of his Miranda[1] rights was not voluntary because he was not advised of his rights in Spanish. The defendant asserts that he does not speak or understand English. In addition, the defendant asserts that any waiver of his rights was not valid because he lacked the awareness of both the nature of the right being abandoned and the consequences of the decision to abandon that right. At the hearing, the defendant testified that he was not advised of his rights in either English or Spanish. The government opposes the defendant's motion.

The Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to counsel require police to follow certain procedural safeguards during custodial interrogations of a suspect. Miranda, 384 U.S. at 436. In this case, there is no dispute that the defendant was in custody at the time he was questioned by law enforcement officers. Thus, the issues before the court are whether the defendant was advised of his Miranda rights and, if so, did he knowingly and voluntarily waive his rights.

At the core, the defendant's motion to suppress presents a credibility issue. The defendant states that he was not advised of his constitutional rights before he was questioned by DCI special agents. His testimony is directly contradicted by Special Agent Santiago who testified that he advised the defendant of his rights in Spanish before the defendant was interviewed. The court finds Special Agent Santiago's testimony on this issue credible.

Special Agent Santiago testified clearly and unhesitatingly. He is an experienced law enforcement officer and, under the circumstances, he had no motive to lie. The defendant

---

[1]Miranda v. Arizonia, 384 U.S. 436 (1966).

- 5 -

acknowledged that Special Agent Santiago came to the interview room, but he testified that the agent left after briefly speaking to Special Agent Gorecki. Given Special Agent Santiago's presence and the defendant's limited or nonexistent knowledge of English, it would make no sense for Special Agent Gorecki to jeopardize his investigation by failing to have Agent Santiago advise the defendant of his constitutional rights in Spanish.

The defendant's testimony, on the other hand, raises certain questions. He testified that he did not understand the conversation between Special Agents Santiago and Gorecki who were speaking in English. He also testified that Special Agent Gorecki was the only agent who asked him questions on December 1, 2006. Special Agent Gorecki does not speak Spanish which is the reason Special Agent Santiago was asked to advise the defendant of his rights. The defendant also acknowledged that he provided information to Special Agent Gorecki during the interview, including that he was illegally in this country. The defendant also testified that he used an alias at his job.

Accordingly, the court concludes that the defendant was advised of his Miranda rights before he was questioned by the special agents on December 1, 2006. The court must now determine whether the defendant voluntarily waived those rights.

It is well-established that a statement is not "compelled" within the meaning of the Fifth Amendment if an individual "voluntarily, knowingly and intelligently" waives his constitutional privilege. Miranda, 384 U.S. at 444. "The inquiry whether a waiver is coerced 'has two distinct dimensions.'" Colorado v. Spring, 479 U.S. 564 (1987) (quoting Moran v. Burbine, 475 U.S. 412, 421 [1986]). As the Court explained in Moran:

> First the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full

- 6 -

Case 2:06-cr-00335-LA   Filed 06/06/07   Page 6 of 9   Document 91

> awareness both of the nature of the right being abandoned and the
> consequences of the decision to abandon it. Only if the 'totality of the
> circumstances surrounding the interrogation' reveal both an uncoerced choice
> and the requisite level of comprehension may a court properly conclude that the
> *Miranda* rights have been waived.

475 U.S. at 421 (internal citations omitted).

To determine whether a defendant voluntarily consented to waive his rights, the court must inquire whether, under the totality of the circumstances, law enforcement officers have overborne the will of the accused. Haynes v. State of Wash., 373 U.S. 503, 513-14 (1963); Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). The court in Schneckloth detailed the factors to be considered when evaluating whether a defendant's "will was overborne" in the giving of statements:

> [T]he Court has assessed the totality of all the surrounding circumstances - both
> the characteristics of the accused and the details of the interrogation. Some of
> the factors taken into account include the youth of the accused, his lack of
> education, or his low intelligence, the lack of any advice to the accused of his
> constitutional rights, the length of detention, the repeated and prolonged nature
> of the questioning, and the use of physical punishment such as the deprivation
> of food or sleep.

412 U.S. at 226 (internal citations omitted).

Thus, a confession is voluntary if "the government demonstrates that under the totality of the circumstances and by a preponderance of the evidence that 'it is not secured through psychological or physical intimidation but rather was the product of a rational intellect and free will.'" United States v. Montgomery, 14 F.3d 1189, 1194 (7th Cir. 1994) (quoting United States v. Haddon, 927 F.2d 942, 945 [7th Cir. 1991]); see also, United States v. Dillon, 150 F.3d 754, 757 (7th Cir. 1998). Thus, a court may properly conclude that the Miranda rights have been waived by a defendant only if the "totality of the circumstances surrounding the interrogation"

reveals both an uncoerced choice and the requisite level of comprehension. Moran, 475 U.S. at 421.

Special Agent Santiago testified that he did not threaten the defendant or make him any promises when he advised him of his Miranda rights. He stated each right in Spanish and then asked the defendant if he understood that right. He waited for the defendant's verbal affirmation that he understood the right before continuing with the advice of rights in Spanish.

The defendant has limited formal education, but there is no evidence that the defendant lacked the capacity to understand his rights. The defendant was not handcuffed in the interview room and neither Special Agent Santiago nor Special Agent Gorecki were armed. There is no evidence that the defendant was subjected to physical punishment in order to get him to waive his rights.

Considering the totality of the circumstances, the court concludes that the defendant voluntarily waived his Miranda rights and was not coerced into providing a statement to the agents. Miranda and its progeny are designed to protect criminal defendants from coercive police tactics which would produce involuntary confessions. They afford no protection to criminal defendants who, of their own volition, decide to make statements or otherwise cooperate with authorities.

In sum, the defendant was properly advised of his Miranda rights prior to questioning. He was not coerced into giving a statement to law enforcement officers. Therefore, the court will recommend that the defendant's motion to suppress his statement be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Fidel Moreno's motion to suppress statements. (Docket #83).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 6th day of June, 2007.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge