# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.               **Case No. 06-CR-335**

**FIDEL MORENO, et al.**
   **Defendants.**

## DECISION AND ORDER

Defendant Fidel Moreno, charged with conspiracy to distribute five kilograms or more of cocaine, moved to suppress a statement he made to law enforcement based on a Miranda violation. The magistrate judge handling pre-trial proceedings in this case held a hearing then recommended that the motion be denied. Defendant objects to the recommendation, so I must review the matter de novo. Fed. R. Crim. P. 59(b)(3).[1]

## I. FACTS

On December 1, 2006, Wisconsin Department of Justice, Division of Criminal Investigations ("DCI"), Special Agent Thomas Gorecki conducted a custodial interview of defendant at DCI offices in Milwaukee, Wisconsin. DCI Special Agent Johnny Santiago, who is fluent in Spanish, testified that he provided defendant with Miranda warnings in Spanish prior to the commencement of the interview. Santiago indicated that he first identified himself, in

---

[1] While I must conduct a de novo review, I need not hold a de novo hearing. See United States v. Raddatz, 447 U.S. 667, 680-81 (1980) (holding that the district judge may, but need not, conduct a de novo hearing on a magistrate judge's recommendation, even when the motion presents issues of credibility). Defendant does not request a de novo evidentiary hearing, and I am satisfied that the record made the before magistrate judge is sufficient for me to rule.

Spanish, and advised defendant why he had been taken into custody.² He then advised defendant of each of the <u>Miranda</u> rights, stopping after each one and asking defendant if he understood. Defendant stated that he understood his rights. Defendant did not at any time indicate that he wanted a lawyer or that he did not want to be questioned, and he appeared to understand what Santiago was saying. Santiago further testified that defendant was calm, cooperative and coherent. Santiago stated that he made no promises or threats to get defendant to waive his rights, and defendant made no requests.

Gorecki then interviewed defendant in English, and defendant answered questions in English. Santiago testified that defendant's English answers were appropriately responsive to Gorecki's questions, and he did not have to interpret. Santiago stated that the interview was not recorded, and he did not take any notes. Gorecki did take notes, but defendant was not afforded an opportunity to review and sign a written statement. Santiago testified that it now was DCI policy to record interviews, but he did not recall if that was the procedure on December 1, 2006. He stated that equipment was available to record defendant's statement.

Defendant testified, through an interpreter, that neither Santiago or Gorecki advised him of his rights, in English or Spanish. Rather, he claimed that Santiago briefly came into the room and spoke with Gorecki in English, then left without speaking to him. Defendant testified that he knows little English and could not understand what Gorecki and Santiago talked about. He stated that he was born in Mexico and moved to California when he was nine or ten years old. He attended California schools for two or three years, where the classes were taught in

---

²Santiago stated that defendant had been arrested in a narcotics investigation and brought to DCI offices. There is no dispute that defendant was in custody at the time of the interview.

2

English, but a translator was available to help. After the family moved to Wisconsin, defendant attended school for another year in Milwaukee, completing the eighth grade, where the classes were taught in Spanish. He denied any additional schooling. He further stated that he had no prior law enforcement contacts, in the United States or Mexico, and that he did not know that he had the right to remain silent when questioned by the police or that he had the right to have a lawyer present when questioned. However, on cross examination defendant conceded the accuracy of certain information he provided to Special Agent Gorecki, in English, during the December 1 interview.

## II.  DISCUSSION

### A.    Legal Standard

Under Miranda, an individual subjected to custodial interrogation by law enforcement must be advised that he has the right to remain silent and to an attorney, and that any statements he makes may be used as evidence against him. See, e.g., United States v. James, 113 F.3d 721, 726 (7th Cir. 1997) (citing Miranda v. Arizona, 384 U.S. 436 (1966)). Statements taken in violation of these requirements generally may not be used in the government's case-in-chief. See Winsett v. Washington, 130 F.3d 269, 277 (7th Cir. 1997).

A defendant may waive his rights under Miranda provided that the waiver is voluntary, i.e. the product of a free and deliberate choice rather than coercion or intimidation, and intelligent, i.e. made with full awareness of both the nature of the rights being abandoned and the consequence thereof. Moran v. Burbine, 475 U.S. 412, 421 (1986). The court analyzes the voluntariness of a waiver under the totality of the circumstances, including the characteristics of the defendant and the details of the interrogation. See, e.g., Schneckloth v.

Bustamonte, 412 U.S. 218, 226 (1973). The government bears the burden of establishing a voluntary waiver by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168-69 (1986).

**B.   Analysis**

Defendant contends that Gorecki and Santiago failed to provide him with Miranda warnings prior to interrogating him. In the alternative, he argues that any waiver was invalid because he lacked understanding of the rights being abandoned. I address each issue in turn.

**1.   Provision of Warnings**

I find that Santiago did provide defendant with Miranda warnings. As the magistrate judge noted, resolution of this issue requires me to determine who is telling the truth – Santiago, who testified that he provided warnings, or defendant, who testified that no warnings were given. I find Santiago's version more credible.

The magistrate judge stated that Santiago testified clearly and unhesitatingly, and my review of the record confirms her assessment. An experienced law enforcement officer and fluent in Spanish, Santiago testified that he has advised individuals of their rights in Spanish hundreds of times.[3] He testified that he is at times called in particularly to advise a suspect of his rights in Spanish, and it appears that Gorecki summoned him for just this reason in the present case. Defendant concedes that Santiago was present at the start of the interview but claims that he left without speaking to him. However, it would make little sense for Gorecki to call in Santiago, yet not ask for his assistance in providing warnings to a primarily Spanish-speaking defendant. Further, defendant faces significant prison time if convicted and thus has

---

[3]Santiago served as a City of Milwaukee police officer for twenty-five years before joining the DCI, where he has been an agent for two years.

4

a motive to fabricate. Finally, defendant's credibility is undermined by his provision of a significant amount of accurate information to Special Agent Gorecki, in English, during the interview, despite his claim of understanding little English.

In his objections, defendant contends that law enforcement agents also have an interest in the outcome of suppression hearings; thus, the court cannot assume that the police are telling the truth while the defendant is not. I agree that such a presumption is improper, and I have not relied upon one here.

Defendant also notes in his objections that the agents failed to record the interrogation. However, as defendant concedes, there is no constitutional right to have a statement recorded. Even though some states, including Wisconsin, have enacted statutes mandating recording, the Seventh Circuit has noted that these laws are not constitutionally required. United States v. Montgomery, 390 F.3d 1013, 1017 (7th Cir. 2004). In 2005, the Wisconsin Supreme Court issued a decision requiring that juvenile interrogations be recorded. In re Jerrell C.J., 283 Wis. 2d 145 (2005). The Wisconsin legislature then passed a law requiring that all interrogations in felony cases be recorded, commencing January 1, 2007. See Wis. Stat. § 968.073(2). The interview in the present case took place on December 1, 2006, before recording became mandatory;[4] thus, the agents violated no constitutional or statutory requirement in failing to record defendant's interrogation. Defendant points to various Wisconsin Department of Justice publications praising recording and encouraging officers to implement the practice prior to January 2007. However, I cannot conclude that the agents' failure to follow these suggestions – and in December 2006 they were only suggestions – casts doubt on their credibility. Nothing

---

[4]Although the record does not reveal defendant's precise age, it is clear that he was an adult at the time of the interrogation.

5

in the record suggests that the agents purposefully declined to record the interview for some nefarious reason.

Finally, defendant cites <u>United States v. Lewis</u>, 355 F. Supp. 2d 870 (E.D. Mich. 2005), in which the court relied in part on the officers' failure to record an interview, even though equipment was readily available, in finding a <u>Miranda</u> violation. <u>Lewis</u> is distinguishable. In that case, the court found other problems in the government's proof, such as the officers' failure to sign the <u>Miranda</u> advisement of rights form or to take any contemporaneous notes. In this case, there is no unsigned <u>Miranda</u> waiver form and Gorecki took notes. More importantly, for the reasons set forth above, I simply do not find defendant's version of events credible.

Therefore, for these reasons and those stated by the magistrate judge, I find that Santiago provided defendant with <u>Miranda</u> warnings.

### 2. Waiver of Rights

I further find that defendant voluntarily and intelligently waived his rights. The circumstances of the interview were not such that defendant's will was likely to be overborne. The interview occurred in a carpeted office area containing desks, computers and a copy machine; defendant was not handcuffed; and the officers were unarmed and in plain clothes. Neither officer threatened defendant or promised him anything to get him to waive his rights. While defendant has a limited education and no prior experience with law enforcement, the record contains no evidence suggesting that he lacked the capacity to understand his rights. I credit Santiago's testimony that he stated each right in Spanish and ensured that defendant understood before proceeding. Thus, defendant's limited grasp of English does not diminish the validity of his waiver. Finally, I credit Santiago's testimony that defendant was calm,

6

cooperative and responsive, when speaking in English and Spanish, and gave no indication that he did not understand what was going on.

Therefore, for these reasons and those stated by the magistrate judge, I find defendant's waiver valid.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 91) is **ADOPTED**, and defendant Moreno's motion to suppress (R. 83) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

7

Case 2:06-cr-00335-LA   Filed 10/17/07   Page 7 of 7   Document 135